**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PERSONALITY GYM AB.,

                Plaintiff,

vs.

SHANDONG AOCHUANG FITNESS
EQUIPMENT CO., LTD.,

                Defendant.

Case No.: 2:25-cv-00458-GMN-MDC

**ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT**

Pending before the Court is the Motion for Default Judgment, (ECF No. 20), filed by Plaintiff Personality Gym AB.  Defendant Shandong Aochuang Fitness Equipment Co., Ltd. ("AOC") did not file a Response.  Also pending before the Court is Personality Gym AB's Motion for Preliminary Injunction, (ECF No. 11), to which Defendant also did not respond.[1] For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Default Judgment and **DENIES** Plaintiff's Motion for Preliminary Injunction as moot.

I.      **BACKGROUND**

Plaintiff Personality Gym is a Swedish Company that sells the NÜOBELL adjustable dumbbell and owns three patents ('661 Patent, '379 Patent, '606 Patent, collectively the "Asserted Patents") in connection with its adjustable dumbbell. (Compl. ¶¶ 1, 11–17).  Plaintiff alleges that Defendant AOC is infringing upon those patents by promoting and selling adjustable dumbbells identical to Plaintiff's without authorization. (*Id.* ¶¶ 25–47).  On March 13, 2025, Plaintiff commenced this action by filing its Complaint against Defendant which seeks relief in the form of permanently enjoining Defendant from continuing to infringe on the

---

[1] Because the Court grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff, it DENIES the Motion for Preliminary Injunction as moot.

three patents. (*Id.* ¶¶ 72–76).  Defendant failed to answer or otherwise appear in this case. Plaintiff moved for entry of default, and the Clerk entered default on June 18, 2025, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Entry Default, ECF No. 18).  Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b).

## II.  **LEGAL STANDARD**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a).  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*  After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III.  **DISCUSSION**

As an initial matter, Plaintiff has met the first step of the two-step process for obtaining default judgment.  Pursuant to FRCP 55(a), the Clerk of the Court correctly entered default against Defendant because it has not appeared in this case. (*See* Entry Default).  Thus, if it has

jurisdiction, the Court may enter a default judgment in its discretion based on a balance of the *Eitel* factors.

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  To ensure that any entered default judgment will not later be attacked as void, the Court must "determine whether it has the power . . . to enter the judgment in the first place." *Id.*  Here, both subject matter jurisdiction and personal jurisdiction are satisfied.

The Court has subject matter jurisdiction over this case under federal question jurisdiction, 28 U.S.C. § 1331, and the Court's exclusive original jurisdiction for all suits related to patents, 28 U.S.C. § 1338.

In patent infringement suits, the law of the Federal Circuit applies to determine whether a district court has personal jurisdiction over an accused infringer. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Id.* (quoting *3D Sys., Inc. v. Aarotech Lab'ys., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998)).  Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. ("NRS") 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).  Where, as here, a "district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Here, Plaintiff asserts that the Court has personal jurisdiction over Defendant under FRCP 4(k)(2), which applies when "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1293–94 (Fed. Cir. 2012). "The third requirement under Rule 4(k)(2)—the due process analysis—contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com De Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). "Rule 4(k)(2), therefore, serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Id.* at 1296.

The first requirement of Rule 4(k)(2) is straightforward: Plaintiff's claims arise under federal patent law.

For the second requirement, although the burden of establishing personal jurisdiction ordinarily falls on the plaintiff, in the context of Rule 4(k)(2) that general proposition would saddle the plaintiff with an extraordinary challenge in "proving a negative many times over," that is, demonstrating that the defendant is not subject to jurisdiction in each of the fifty states. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1413 (Fed. Cir. 2009). The Federal Circuit has therefore adopted a burden-shifting mechanism so that if "the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id.* at 1415 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001), *as amended* (July 2, 2001)). Here, Defendant has failed to meet its burden of identifying "a suitable forum in which the plaintiff could have brought suit." *See Touchcom*, 574 F.3d at 1415–16.

As for the third element, "due process requires only that in order to subject a defendant to a judgment in personam, [the defendant must] have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash. Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v Meyer*, 311 U.S. 457, 463 (1940)). Depending on their nature and number, a defendant's contacts with a forum can provide a court with general jurisdiction or specific jurisdiction. To be subject to general jurisdiction, a defendant business entity must maintain "continuous and systematic general business contacts" with the forum, even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For specific jurisdiction, the Court applies a three-part test considering whether: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018). "The plaintiff bears the burden as to the first two requirements, and if proven, the burden then shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Because Plaintiff does not assert that the Court has general jurisdiction of Defendant, the Court moves straight to a specific jurisdiction analysis.

In patent infringement disputes, precedent from the Federal Circuit makes clear that "the jurisdictional inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Based on the evidence Plaintiff has submitted, the Court finds that Plaintiff has made a *prima facie* showing that Defendant's intentional acts were purposefully directed at the United States. Plaintiff

submitted declarations and exhibits that establish Defendant's product has been available for purchase online by customers in the United States. (Zachary Decl. ¶¶ 4–11, Ex. 2 to App. Mot. Prelim. Inj., ECF No. 12-3; Screenshots, Exs. 2-1–2-6 to App. Mot. Prelim. Inj., ECF No. 12-4–12-9; Proof of Purchase Email, Ex. 2-7 to App. Mot. Prelim. Inj., ECF No. 12-10). Specifically, the evidence shows that the allegedly infringing product was listed for sale in U.S. dollars on Alibaba.com with the product descriptions in English, and shipping was available to the United States. (*Id.*).  Because Defendant has not appeared in this action and discovery has not occurred, the Court cannot assess the quantity of sales in the United States.  Thus, given the information it has, the Court infers from its online listings that Defendant was targeting the United States. *See Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *10 (S.D. Cal. Aug. 6, 2021) (finding purposeful direction where "the [d]efaulted [d]efendants' allegedly infringing items were listed in U.S. dollars, that the products were listed for sale on amazon.com and ebay.com with product descriptions in English, and that shipping was available to the United States").

Further, Plaintiff alleges in its Complaint that Defendant offered its products for sale at the Health and Fitness Association Trade Show held in Las Vegas in March of 2025. (Compl. ¶¶ 7, 46).  While the allegation is possibly lacking sufficient detail to establish specific jurisdiction in and of itself, it lends additional support to the Court's conclusion that Defendant was targeting the United States for sales of the allegedly infringing product. *See Synthes*, 563 F.3d at 1298 (holding that Brazilian defendant purposefully directed its allegedly infringing activities to the United States where its representative brought the accused products into the United States from Brazil to display the items at a trade show).

For the second prong of the specific jurisdiction test, the Court finds that the claim arises out of or relates to Defendant's activities with the forum.  Plaintiff's claim of patent infringement arises out of Defendant's activities in the United States: Plaintiff alleges that

Defendant has been offering for sale into the United States a product that infringes its patents. Plaintiff's claim of patent infringement arises directly out of Defendant selling the infringing dumbbell in the United States. *See id.*

Finally, Defendant bears the burden on the third prong of presenting a compelling case that it would be unreasonable for the Court to exercise personal jurisdiction. *See M-I Drilling*, 890 F.3d at 1000. Given that Defendant has failed to defend, it has not met this burden. Nevertheless, the Court will still consider the five factors relevant to whether exercising personal jurisdiction would comport with "fair play and substantial justice": (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477. These factors may serve to "establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required," but they may also establish a "compelling case" that would "render jurisdiction unreasonable" despite the presence of minimum contacts. *Id.*

Here, the burden on Defendant is likely significant because it would be required to travel the distance between its headquarters in China and the court in Las Vegas and would be required to submit itself to a foreign nation's judicial system. *See Synthes*, 563 F.3d at 1299. But, as the Supreme Court has noted, "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)) (quotation marks omitted). And representatives of Defendant have travelled to the United States for a trade show, suggesting that travel itself is not unduly burdensome.

As to the third factor, the United States has a "substantial interest" in enforcing federal patent laws, *see Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1356 (Fed. Cir. 2002), and in discouraging injuries that occur within its boundaries, including injuries resulting from patent infringement, *see Beverly Hills Fan. Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed Cir. 1994). Those interests, along with Plaintiff's interest in obtaining a judgment of infringement and injunctive relief under the fourth factor, outweigh any burden on Defendant incurred by defending a lawsuit in Nevada. Lastly, as the Federal Circuit held in similar circumstances to these in *Snythes*, 563 F.3d at 1300, the Fourth and Fifth factors favor jurisdiction to the extent they apply when the United States is the forum. Thus, the Court concludes that it is not unreasonable to exercise personal jurisdiction over Defendant.

Having determined that the Court has both subject matter jurisdiction over this case and personal jurisdiction over Defendant, it will now move to the default judgment analysis.

## B. *Eitel* Factors

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### 1. Possibility of Prejudice to the Plaintiff

A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits." *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No: 2:17-cv-03056-GMN-PAL, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *see also PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If

Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Defendant has failed to appear in this lawsuit and Plaintiff lacks alternative avenues of recovery. Plaintiff would therefore suffer prejudice if default judgment was not entered, and this factor weighs in favor of default judgment.

**2. Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The second and third factors focus on the merits of Plaintiff's substantive claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. These factors, often analyzed together, require courts to determine whether a plaintiff has "state[d] a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Courts often consider these factors "the most important." *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). If a district court has "serious reservations" about the merits of a plaintiff's claims based on the pleadings, these factors weigh in favor of denying default judgment. *See Eitel*, 782 F.2d at 1472. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *See Adobe Sys., Inc. v. Tilley*, No. C 09-1085 PJH, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010).

Here, Plaintiff alleges patent infringement under 35 U.S.C. § 271. (Compl. ¶¶ 48–76). To state a claim for patent infringement under 35 U.S.C. § 271, Plaintiff must establish the following five elements: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). Plaintiff has alleged every required element.

Plaintiff alleges ownership of the '661, '397, and '606 Patents and names the Defendant Shandong Aochuand Fitness Equipment Co., Ltd. (Compl. ¶¶ 11–19).  It further alleges that Defendant infringes the patents under 35 U.S.C. § 271(a) by making, using, and/or selling products that share the characteristics of Plaintiff's patented product. (*Id.* ¶¶ 25–47).  The Court finds that these allegations are sufficient to plead patent infringement, and the second and third *Eitel* factors thus favor the entry of default judgment.

### 3.  The Sum of Money at Stake in the Action

The fourth *Eitel* factor addresses the damages at stake in the action. *See Eitel*, 782 F.2d at 1471.  The Court considers "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)).  "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 921.

Here, Plaintiff seeks a permanent injunction prohibiting Defendant from "making, using, selling, offering to sell, and/or importing into the United States the accused products and infringing the Asserted Patents in violation of 35 U.S.C. § 271." (Compl. ¶¶ 55–76).  Because Plaintiff seeks only injunctive relief, rather than monetary damages, this factor weighs in favor of entering default judgment.

### 4.  Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor evaluates the possibility of dispute as to any material facts in the case. *PepsiCo.*, 238 F. Supp. 2d at 1177.  Once the Clerk of Court enters default, all well-pleaded facts in a complaint, except those relating to damages, are taken as true. *Id.*  Here,

Plaintiff filed a well-pleaded Complaint alleging the facts necessary to establish its claims, and the Clerk entered default against Defendant.  Thus, no dispute has been raised regarding the material averments of the Complaint, and the likelihood that any genuine issue may exist is not high.  This factor therefore favors the entry of default.

### 5. Excusable Neglect

The sixth factor considers whether the defendant's defaults are due to excusable neglect. *Id.*  If a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  It is unlikely that the default is due to excusable neglect in this case.  Plaintiff properly served Defendant and Defendant accepted service. (*See generally* Summons Returned Executed, ECF No. 9).  As a result, this factor weighs in favor of default judgment.

### 6. Policy for Deciding on the Merits

The final factor weighs against default judgment.  As the Ninth Circuit explained in *Eitel*, "default judgments are ordinarily disfavored." 782 F.2d at 1472.  "Cases should be decided upon their merits whenever reasonably possible." *Id*.  But the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.  Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *See id.*

### 7. Conclusion Regarding the Eitel Factors

Evaluating the *Eitel* factors as applied to this case, the Court finds that the majority of the factors support the entry to default judgment and concludes that the entry of default judgment against Defendant is appropriate.

///

///

## C. Relief Requested

A default judgment cannot differ "in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(b).  In its motion, Plaintiff clarifies it does not seek any monetary damages, so the Court need only determine the appropriateness of injunctive relief.

The Patent Act provides a patentee with the "right to exclude others from making, using, offering for sale, or selling the [patented] invention." 35 U.S.C. § 154(a)(1).  In furtherance of this right to exclude, district courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C.A. § 283.

Here, Plaintiff requests that the Court enter a permanent injunction against Defendant, enjoining Defendant from infringing the Asserted Patents during the respective terms of the patents. (Compl. 17:18–20).  To obtain permanent injunctive relief, Plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (applying standard four-part test for permanent injunctions "to disputes arising under the Patent Act").  The Court has discretion to grant or deny permanent injunctive relief. *Id.*

As discussed below, Plaintiff has satisfied the four-part test.

## A. *eBay* Factor 1: Irreparable Injury

Plaintiff has established that it has suffered irreparable injury as the result of Defendant's past and continuing infringement.  Plaintiff and Defendant directly compete in the sale of adjustable dumbbells in the United States. (*See* Compl. ¶¶ 50–76).  Consequently, every sale by Defendant represents a lost sale to Plaintiff and harm to Plaintiff's patent-granted right to exclude. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363

(Fed. Cir. 2012) (explaining that "[d]irect competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."). Thus, the Court finds that the first factor is satisfied.

### B. *eBay* Factor 2: Inadequacy of Monetary Damages

Next, monetary damages are also inadequate because the parties are direct competitors, and, because, without a permanent injunction, Defendant is likely to continue infringing Plaintiff's patents. Further, the fact that Plaintiff could not adequately determine their damages in this case because of Defendant's failure to participate in this action also warrants a finding that monetary damages are inadequate. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011) (finding that remedies at law were inadequate because "[a]s Defendants have failed to participate in this litigation, [Plaintiff] cannot adequately determine its damages."). Moreover, monetary damages alone are insufficient to compensate Plaintiff for future infringement and to deter Defendant from continuing to infringe Plaintiff's intellectual property and cause further damage. Accordingly, the inability of monetary damages to adequately compensate Plaintiff weighs strongly in favor of a permanent injunction.

### C. *eBay* Factor 3: Balance of Hardships

The balance of hardships between Plaintiff and Defendant, weigh in favor of a remedy in equity. While Plaintiff will suffer irreparable injury without an injunction, there would be no potential harm to Defendant, as an injunction would still allow Defendant to operate its business, albeit without any products that infringe upon any of the Asserted Patents. Absent a permanent injunction, Plaintiff will have to engage in further litigation to protect its rights. In contract, there are no equities that weigh against granting a permanent injunction, as Defendant "faces no hardship in refraining from its infringement of [Plaintiff's] patents . . . whereas [Plaintiff] faces loss of sales and damages to its reputation. *Amini*, 786 F. Supp. 2d at 1057.

///

**D. *eBay* Factor 4: Public Interest**

Finally, while healthy competition generally benefits the public, "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions." *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015). Thus, the Court finds that the eBay factors are satisfied and enters a permanent injunction enjoining Defendant from infringing the Asserted Patents.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 11), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 20), is **GRANTED.**

**IT IS FURTHER ORDERED** that Judgment be entered in favor of Plaintiff Personality Gym and against Defendant Shandong Aochuang Fitness Equipment Co., Ltd. on all counts of the Complaint.

**IT IS FURTHER ORDERED** that a permanent injunction is imposed in favor of Plaintiff and against Defendant, its officers, directors, agents, servants, employees, attorneys an those persons in active concert or participation with Defendant, from (1) making, using selling, offering to sell, and/or importing into the United States the infringing products or inducing others to use them in an infringing manner; and (2) infringing the Asserted Patents in violation of 35 U.S.C. § 271.

**DATED** this ___30___ day of January, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT